USCA1 Opinion

 

 May 24, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2242 EDWARD V. ZOLOTAREVSKY, Plaintiff, Appellant, v. CITY OF WORCESTER, ET AL., Defendants, Appellees. ____________________ [Hon. Nathaniel M. Gorton U.S. District Judge] ___________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Edward V. Zolotarevsky on brief pro se. ______________________ David M. Moore, City Solicitor, and Diana H. Horan, Assistant _______________ _______________ City Solicitor, on brief for defendants-appellees, City of Worcester, Massachusetts and Worcester Police Department. Joseph T. Black, Black & McCue on brief for defendant-appellee, ________________ ______________ Worcester Polytechnic Institute's Security Department. ____________________ ____________________ Per Curiam. We have carefully reviewed the parties' ___________ briefs and the record on appeal. We affirm the district court judgment of November 14, 1994, essentially for the reasons stated in the magistrate judge's report and recommendation, dated August 30, 1994. We add only the following. Contrary to plaintiff's suggestion, the Americans with Disabilities Act of 1990, Pub. L. No. 101-336 (codified at 42 U.S.C. 12101, et seq.) ("ADA") does not entitle him to a free lawyer in a civil case. Indeed, the ADA is not directed at the federal government at all. See, e.g., Title II of the ___ ____ ADA, 42 U.S.C. 12131 et seq., (prohibiting disability discrimination by instrumentalities of state and local governments). In any event, the district court did not abuse its broad discretion in denying plaintiff's motion to appoint counsel in this civil case. Although plaintiff is legally blind, he was aided by his father in the drafting of the submitted papers. Plaintiff's request for appointed counsel was based on the not uncommon plea that, as a lay person, he is unschooled in the intricacies of the law. Nonetheless, the papers demonstrated an ability to research and argue the merits of his cause. His impaired vision did not adversely impact his ability to represent himself. In addition, the merits of the case and the relatively non-complex nature of the legal issues did not present the exceptional circumstances which would warrant the appointment of counsel. See DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991) ___ __________ _____ (outlining the considerations underlying the decision to appoint counsel in civil cases). Affirmed. _________ -3-